| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------------------------------X<br>CHRISTOPHER LOEB,<br><br>         Plaintiff,<br><br>   -against-<br><br>COUNTY OF SUFFOLK, POLICE OFFICER JAMES BURKE, POLICE OFFICER MICHAEL KELLY, POLICE OFFICER BRIAN DRAISS, DETECTIVE ANTHONY LETO, DETECTIVE NEALIS, DETECTIVE COTTINGHAM, DETECTIVE KEITH SINCLAIR, and UNIDENTIFIED SUFFOLK COUNTY POLICE OFFICERS,<br><br>         Defendants.<br>--------------------------------------------------------------------------------X | <u>COMPLAINT</u><br><br>DOCKET NO.:<br><br><br><br><br><br><u>JURY TRIAL</u><br><u>DEMANDED</u> |

   The Plaintiff, complaining of the Defendants, by their attorneys, AMY MARION, ESQ. and BRUCE BARKET, ESQ. respectfully shows to this Court and alleges that he was deprived his civil rights and sustained injury as a result of the deprivations of his civil rights.

## JURISDICTION AND VENUE

   1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

   2.  Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose and in which the Defendants conducted business.

## JURY DEMAND

   3.  Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

4. Plaintiff, Christopher Loeb is a resident of Suffolk County in the State of New York.

5. The individually named Suffolk County Defendants were at all times employed by the County of Suffolk as Suffolk County Police Officers at all times relevant and pertinent to Plaintiff's compliant.

6. At all times relevant to this complaint, Suffolk County Defendants were duly appointed and acting police officers of the Suffolk County Police Department acting under color of state law, within the scope of their employment, pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York.

7. Defendants John Doe, whose identities are currently unknown, represent those employees of the Suffolk County Police Department acting within the scope of their employment, and under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Suffolk and the State of New York, who arrived at the scene or supervised the officers at the locations where Plaintiff was assaulted.

8. Defendant County of Suffolk is a body politic and corporate empowered to exercise home rule. The Suffolk County Legislature, the County's policymaker, has delegated final policymaking authority for the supervision and control of the Suffolk County Police to the duly appointed Commissioner of the Suffolk County Police Department.

## FACTS

9. On December 14, 2012, Christopher Loeb was arrested a short distance from his home in Suffolk County, purportedly for a violation of probation.

10. Christopher Loeb was taken to the Fourth Precinct, Suffolk County, where for over 48 hours he was beaten, terrorized, chained to the floor, and threatened.

### Suffolk County's Custom, Policy and Practice of Unconstitutional Conduct

11. Suffolk County policymaker, the Chief of Police himself, James Burke, personally took part in and personally orchestrated this beating.

12. Suffolk County has a custom, policy, pattern and/or practice of permitting, ratifying and acquiescing to the use of excessive force, as evidenced by the actions of its policymaker Chief Burke.

13. Suffolk County has a custom, policy, pattern and/or practice of permitting, ratifying and acquiescing to the cover up of unconstitutional conduct, as evidenced by the actions of its policymaker Chief Burke.

14. Suffolk County has failed to adequately screen, supervise, train and/or discipline its officers as evidenced by the actions of its policymaker Chief Burke.

15. The unconstitutional and tortious acts of the Defendant officers were the direct result of the custom and/or policy instituted by a Suffolk County policymaker, Chief Burke.

### DAMAGES

16. The Defendants' unlawful, negligent, intentional, willful, purposeful, deliberately indifferent, reckless, bad-faith and/or malicious acts, misdeeds and omissions were the direct and proximate cause of Plaintiff's injuries.

17. The Defendants acts caused Plaintiff deprivation and violations of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

18. The Defendants acts were the direct and proximate cause of Plaintiff's conscious pain and suffering, permanent injuries, severe mental anguish, emotional distress, extreme fear, and denial of medical care.

19. All the alleged acts, misdeeds and omissions committed by the individual Defendants described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of the individual Defendants meets all of the standards for imposition of punitive damages.

20. Damages are in the amount to be determined at trial but are in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## COUNT I

## 42 U.S.C. § 1983 – Excessive Use of Force

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

22. The beating of Plaintiff by Defendants constituted unreasonable and excessive force by police officers. Such actions were intentional, malicious, negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions, and failed to prevent same and breached their duty. This summary punishment was in violation of Plaintiff's rights as guaranteed under the United States Constitution.

23. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of federal laws, Plaintiff was seriously injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical

pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

24. That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages as set forth above.

## COUNT II

### 42 U.S.C. § 1983 *Monell* Claim

25. Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

26. The County of Suffolk, by and through its final policymakers, had in force and effect a policy, practice or custom of subjecting individuals to excessive force, and of creating a paper trail to justify unjustified assaults by its officers.

27. Defendant Burke was the Chief of the Suffolk County Police Department on the dates when Plaintiff was subjected to excessive force.

28. Defendant Burke intentionally participated in the use of excessive force.

29. Defendant Burke intentionally authorized the force used upon Plaintiff by others.

30. Defendant Burke was an authorized policymaker on the dates when this unconstitutional conduct occurred.

31. Defendant Burke's actions and conduct as to Plaintiff represent official government policy.

32. The County of Suffolk, by and through its final policymakers, failed to adequately hire their police officers to insure that suspects would not be subjected to excessive force.

33. The County of Suffolk, by and through its final policymakers, failed to adequately supervise their police officers to insure that suspects would not be subjected to excessive force.

34. The County of Suffolk, by and through its final policymakers, failed to adequately train their police officers to insure that suspects would not be subjected to excessive force.

35. The County of Suffolk, by and through its final policymakers, failed to adequately discipline its police officers who subjected individuals to excessive force.

36. Though it was foreseeable that constitutional violations of the type Plaintiff suffered would be a predictable result of such failures, Defendants did not rectify the problem, did not investigate, and did not institute better hiring standards and procedures, better training programs, better supervision, did not institute proper disciplinary procedures, and wholly lacked in their responsibilities to insure that their officers were acting in a constitutionally justified manner, understood what their responsibilities were to act in such manner, were trained to act in such a constitutionally proper way and were disciplined if they did not act as required.

37. Such municipal customs, practices and/or policies, and such failures in hiring, training, supervising and disciplining its officers, amounted to deliberate indifference to the constitutional rights of individual suspects like Plaintiff and caused Plaintiff to suffer this unjustified beating and all the ongoing injuries and damages set forth above.

## COUNT III

### 42 U.S.C. § 1983 Supervisory Liability

38. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

39. Supervisory police officers, acting deliberately, recklessly and under color of law, were, at the relevant times, supervisory personnel with the Suffolk County Police Department with oversight responsibility for training, hiring, screening, instruction, supervision and

discipline of police officer Defendants who deprived Plaintiff of his clearly established constitutional rights.

40. Supervisory police officers were personally involved in both the deprivation of Plaintiff's constitutional rights and in creating and/or condoning the policy and/or custom of failing to take preventative and remedial measures to guard against such constitutional deprivations.

41. Supervisory police officers were reckless in their failure to supervise police officer Defendants, and either knew, personally participated in and/or should have known that Defendant officers were using excessive force.

42. These supervisory Defendants knew or in the exercise of due diligence would have known that the conduct of the named and John Doe Defendants against Plaintiff was likely to occur.

43. The failure of these supervisory Defendants to train, supervise and discipline the named individual Defendants and John Does amounted to gross negligence, deliberate indifference or intentional misconduct which directly caused the injuries and damages set forth above.

## COUNT IV

### 42 U.S.C. § 1983 Failure to Intervene

44. Plaintiff repeats and re-alleges each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

45. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual Defendants.

46. That there exists a duty for Defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

47. That such opportunity existed for the Defendants in the instant case.

48. That the Defendants, by failing in their affirmative duty to intervene are responsible for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights.

49. That by reason of the failure to intervene the Plaintiff suffered injuries and damages as set forth above.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court award compensatory damages to them and against the Defendants, jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to them, and against all individual Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

D. For a trial by jury;

Dated: February 5, 2015
      Garden City, New York        BARKET MARION EPSTEIN & KEARON, LLP

By:   /s/ Amy B. Marion
Amy B. Marion, Esq.
666 Old County Road-Suite 700
Garden City, New York 11530
(516) 745-1500