UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER LOEB,

                              Plaintiff,

-against-

COUNTY OF SUFFOLK, POLICE OFFICER JAMES BURKE, POLICE OFFICER MICHAEL KELLY, POLICE OFFICER BRIAN DRAISS, DETECTIVE ANTHONY LETO, DETECTIVE NEALIS, DETECTIVE NEALIS, DETECTIVE COTTINGHAM, DETECTIVE KEITH SINCLAIR, and UNIDENTIFIED SUFFOLK COUNTY POLICE OFFICERS,

                              Defendants.

**ANSWER**

**15-cv-0578(JS)(SIL)**

**JURY TRIAL DEMANDED**

Defendants, COUNTY OF SUFFOLK, POLICE CHIEF JAMES BURKE, P.O. MICHAEL KELLY, P.O. BRIAN DRAISS, DET. ANTHONY LETO, DET. CHRISTOPHER NEALIS, DET. THOMAS COTTINGHAM and DET. KEITH SINCLAIR by their attorney, Dennis M. Brown, Suffolk County Attorney, by Brian C. Mitchell, Assistant County Attorney, answering plaintiff's complaint respectfully:

1.     Aver that the allegations contained in the paragraphs numbered 1, 2 and 3 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 4, 24 and 47 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 5 of the complaint, except admit that named defendants are members of the Suffolk County Police Department.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 6 of the complaint, except admit that named defendants are members of the Suffolk County Police Department.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 8 of the complaint, except admit that Suffolk County a Municipal Corporation.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 9 of the complaint, except admit that Christopher Loeb was arrested for a violation of probation.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered 10 of the complaint, except admit that Christopher Loeb was taken to the Fourth Precinct.

8. Deny the allegations contained in the paragraph numbered 27 of the complaint, except admit that James Burke was the Chief of the Suffolk County Police Department.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 7, 16, 17, 18, 19, 20, 22, 23, 26, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 45, 46, 48 and 49 of the complaint, and refer/refers all questions of law to the Court.

10. Deny the allegations contained in paragraphs numbered 11, 12, 13, 14, 15, 28, 29 and 30 of the complaint.

11. Answering the paragraph numbered 21(1-20), 25(22-24), 38(26-37) and 44(39-43) of the complaint, repeat/repeats, reiterate/reiterates and reallege/realleges each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That the damages sustained by plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That this Court lacks subject matter jurisdiction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19. That defendant's actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

21. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

22. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

23. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26. To the extent that the complaint purports to set forth any supplemental state law claims, they are barred by the Statute of Limitations.

WHEREFORE, defendants demand judgment against the plaintiff(s) dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
March 10, 2015

Yours etc.,
Dennis M. Brown
Suffolk County Attorney
Attorney for Defendants
County of Suffolk, Suffolk County
Police Chief James Burke, P.O. Michael Kelly,
P.O. Brian Draiss, Det. Anthony Leto, Det.
Christopher Nealis, Det. Thomas Cottingham and
Det. Keith Sinclair
H. Lee Dennison Building
100 Veterans Memorial Highway
Hauppauge, New York 11788

By: _____
Brian C. Mitchell
Assistant County Attorney

TO: Amy Marion, Esq.
Barket Marion Epstein & Kearon, LLP
666 Old Country Road, Suite 700
Garden City, New York 11530