**EMOUNA & MIKHAIL, PC**
ATTORNEYS AND COUNSELORS AT LAW
110 OLD COUNTRY ROAD, SUITE 3
MINEOLA, NEW YORK 11501
TEL (516) 877-9111
FAX (516) 877-9112

Matin Emouna                                                                                           Rashel Mikhail
Admitted in NY, NJ, CT                                                                        Admitted in NY & CA

**REQUEST OF A STAY**

May 3, 2017

**THE HONORABLE JOANNA SEYBERT**
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK
1034 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

      Re: Christopher Loeb v. County of Suffolk, et al.
         Docket Number: CV-15-0578(JS)(GRB)

Dear Judge Seybert:

   I represent Anthony Leto, a defendant in the above-referenced civil matter. The purpose of this correspondence is to respectfully request a stay of this matter until the conclusion of a companion criminal investigation currently being investigated by the United States Attorney's Office, Eastern District of New York (USAO-EDNY) and the Federal Bureau of Investigation (FBI).

**BACKGROUND**

   As I am sure the Court is aware, James Burke, the former Chief of Department of the Suffolk County Police Department, and a co-defendant in the instant matter, was prosecuted by the USAO-EDNY in United States v. James Burke, 15-CR-627 (LDW). On February 26, 2016, Burke pled guilty to a civil rights violation in connection with the December 14, 2012 assault of the plaintiff in this matter, Christopher Loeb, in violation of 18 U.S.C. § 242, and to conspiracy to obstruct the federal investigation into that assault, in violation of 18 U.S.C. § 1512(k). On November 2, 2016, Burke was sentenced to a term of imprisonment of 46 months.

   The lawsuit in this matter centers on the events that occurred in the Burke criminal matter. Further, my understanding is that, although Burke has been sentenced, the USAO-EDNY and the FBI continue to investigate these events. I believe that my client will likely be a witness in any further criminal prosecution, thus, until the criminal investigation is concluded, a stay of the civil case is appropriate to both protect Leto's rights and to allow the criminal matter to conclude.

   I have conferred with Assistant United States Attorneys Lara Treinis Gatz and John J. Durham who support my request to stay the civil matter pending the completion of the criminal investigation.

**EMOUNA & MIKHAIL, PC**
Christopher Loeb v. County of Suffolk, et al.
CV-15-0578   Page 2 of 2        May 3, 2017

## LEGAL ARGUMENT

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. Am. Co.*, 299 U.S. 248, 254 (1936)).

Exercising that inherent power, federal courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (citations omitted) (collecting cases).

Courts employ a variety of different tests to evaluate the propriety of staying civil proceedings. The Second Circuit has explained that these various tests are not "mechanical devices for churning out correct results in overlapping civil and federal proceedings," and has accordingly cautioned that the appropriateness of a stay ultimately rests within the sound judgment of the district court "based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99; see also *McGinnis,* 2016 WL 591764, at *3.

In making determinations about stays, courts often consider: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *Louis Vuitton*, 676 F.3d at 99. The court turns to a holistic consideration of these factors, mindful that none is dispositive.

## CONCLUSION

For the foregoing reasons, Defendant, Anthony Leto respectfully requests that the Court stay this action pending the completion of the USAO-EDNY and FBI's criminal investigation of these events. We look forward to addressing these issues at a Pre-Motion Conference if the Court deems same necessary.

Respectfully submitted,

Matin Emouna

cc:   Counsel of Record
      AUSA Lara T. Gatz
      AUSA John J. Durham