**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. BROWN**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

May 17, 2017

Hon. Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>Loeb v. County of Suffolk, et al.</u>
            Docket No. CV-15-0578 (JS)(GRB)

Dear Judge Seybert,

The undersigned represents the County of Suffolk in the above referenced action. I submit this correspondence to clarify the County's position regarding defendant Anthony Leto's request for a stay of discovery (See DE 39). Contrary to plaintiff's gratuitous representation to the Court in his letter in opposition (See DE 41), the County in fact joins in defendant Leto's application for the reasons set forth in his letter motion, as well as the additional concerns detailed below.[1]

As noted, based on the reasons set forth in co-defendant Leto's letter motion, the County respectfully submits that a stay is appropriate in this action. Additionally, among the reasons Judge Brown initially granted a joint application by the plaintiff and the defendants[2] to stay this matter (See DE 17) was the barrier that existed, due to the ongoing criminal prosecution, that served to prevent the defendants from obtaining crucial statements of the plaintiff and other witnesses that had been taken by the federal authorities. This Office served a subpoena for these documents upon the United States Attorney's Office, but was met with an objection based upon several privileges, chief among them that there was an ongoing criminal investigation.

Naturally, upon the request to lift the stay by the plaintiff, and the representation that the criminal matter against Chief Burke had been resolved (See DE 18), the defendants once again sought to discover these documents. Rather than engage in time consuming litigation with the United

---

[1] Defendant Leto's letter motion sought a stay, or in the alternative, a pre-motion conference to discuss the issues raised in his letter. The County was anticipating the Court setting a date for a pre-motion conference and intended to advise the Court of our position at that time. Based upon plaintiff's erroneous representation that we are not seeking or joining in a request for a stay, we felt compelled to advise the Court presently.

[2] At the time, all defendants were represented by the County Attorney's Office.

States Attorney's Office over the production of these items[3], I began informal communications with Assistant United States Attorney John J. Durham to see if his office would be willing to agree to the production of some if not all of the requested items.  AUSA Durham was considering my request when the instant motion was made by counsel for defendant Leto.

Notwithstanding AUSA Durham's cooperative efforts, the fact that that the criminal investigation surrounding the events of the claim appears to have *not* been resolved, still permits the United States Attorney's Office at anytime to deny production of the documents based upon the same privileges set forth its earlier objection to our subpoena; objections that would not, under the circumstances be unreasonable.   None of the defendants, or for that matter the plaintiff, should be forced to proceed with discovery in the dark and without the benefit of being able to assess prior statements bearing directly on the claim, whether for the purposes of impeachment, to refresh ones recollection, or, if it arises, to challenge the version presented by the interviewing agent in the reports.   Since the United States Attorney would be able to invoke a good faith and reasonable privilege that would prevent disclosure of crucial material and relevant documents, a stay of the civil matter is appropriate until the conclusion of the criminal proceeding that gives rise to those privileges.

Further, the plaintiff has repeatedly made reference to police officers and probation officers that he claims "lied under oath" regarding their conduct, thereby violating his constitutional rights; persons that go beyond those currently named in the complaint.  Although aware of the identity of these persons, the plaintiff has yet to identify them despite a request from the County.  Again, the only other source of the identity of these potential defendants is the Federal authorities, and as noted above, it is doubtful they would reveal such information during an ongoing investigation.

Lastly, plaintiff is correct that his criminal conviction has been vacated and he currently faces a renewed criminal prosecution.   However, that prosecution entails more than the singular crimes he committed against defendant Burke.  The plaintiff faces prosecution for the multiple larcenies he perpetrated upon other innocent victims, as well as a charge of Criminal Possession of a Weapon in the Third Degree (a class D Felony) wholly unrelated to the arrest that serves as the basis for his claim.   It is reasonable to expect that the plaintiff would seek to invoke his fifth amendment privilege against self incrimination during a deposition in the instant matter, lest he expose himself to admissions that could result in him once again being convicted for his criminal actions.   While, of course, a plaintiff invokes his fifth amendment privilege at his own peril, the County respectfully submits that to do so will also have an effect upon our ability to appropriately explore the allegations raised in his claim, and to seek information that could lead to further discover, thereby creating undue prejudice to the defendants.

---

[3] The documents chiefly sought are notes and memoranda (FBI 302 reports) of the plaintiff, his criminal cohort Gabriel Miguelez, his mother, as well as statements that the Federal authorities claim were made by the several defendants and witnesses to the events of the claim.  It is my understanding that the plaintiff seeks these same documents as well.

Based upon the foregoing, the County of Suffolk joins in and respectfully requests that this Court grant the motion for a stay sought by co-defendant Anthony Leto.

I thank the Court for its consideration of this submission.

Respectfully submitted,

DENNIS M. BROWN
SUFFOLK COUNTY ATTORNEY

*Brian C. Mitchell*
Brian C. Mitchell
Assistant County Attorney

CC: Counsel for all parties (via ECF)
AUSA John J. Durham
United States Attorney's Office
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722