## Barket, Marion, Epstein & Kearon, LLP
Attorneys at Law

666 Old Country Road, Suite 700  
Garden City, New York 11530  
[P] 516.745.1500 • [F] 516.745.1245

5 Columbus Circle, Suite 710  
New York, New York 10019  
[P] 212.972.1710 •  
[Send mail to Garden City]

www.barketmarion.com

May 24, 2017

Honorable Joanna Seybert  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, New York 11722

Re: Loeb v. County of Suffolk, et al.  
Case No. 15-CV-578

Judge Seybert:

As you are aware, this firm represents Christopher Loeb. We are writing because co-defendants have now joined Leto's motion for an indeterminate freeze of this case. While these joinders mitigate the standing problem that formerly undermined Leto's application, even now, the substantive reasons for denying a stay remain largely uncontested. For the reasons outlined in our opposition letter and set forth more fully below, then, the pending stay-application should be denied.

Most notably, Defendants Burke, Nealis, and Cottingham join Leto's motion but provide no substantive discussion of the issues at all. So where Mr. Loeb highlighted that Leto failed to discuss the legal factors for a stay—like case "overlap" or "status"—Burke, Nealis, and Cottingham take that silence and double-down on it. For his part, Defendant Nealis refuses to even admit that he joins the application—simply stating that he has "no objection" to it without "conceding that th[at] is probative of anything." *See* ECF Entry #44. As for Cottingham, aside from counsel informing the Court of his representation and thanking it for its time and consideration, its joinder was one sentence long: "This letter id [*sic*] submitted to join in the request of defendant Anthony Leto requesting a stay of discovery in this matter." *See* ECF Entry #46. And then most troubling of all is joinder from Defendant Burke—someone who has already been charged, convicted, and sentenced—who has no plausible Fifth Amendment rights left to protect yet who nevertheless joins here without any individualized explanation at all.

The one party who does provide additional discussion—the County of Suffolk—faces additional problems. One is that, on information and belief, the County Attorney no longer

1

represents any defendants in this case other than the County itself.  This renders a stay even more inappropriate for the County than for anyone else.  The purpose of staying civil discovery pending criminal allegations, after all, is typically to prevent the dilemma posed by the right to remain silent in criminal cases.  *See, e.g., United States v. Certain Real Property and Premises Known as 4003-4005 5th Avenue*, 55 F.3d 78 (2d Cir. 1995) (recognizing the "dilemma:  remain silent and allow the [civil liability] or testify against the [civil claim] and expose himself to incriminating admissions").  Yet nobody has claimed that Suffolk County is being criminally charged.  Nor is anyone claiming that it has a right to remain silent.  *See Braswell v. U.S.*, 487 U.S. 99, 116 (1988) (holding an organizational entity lacked its own Fifth Amendment privileges, a rule that, in turn, prevented individuals from asserting the privilege on its behalf).  So the "dilemma" posed by parallel criminal and civil proceedings does not apply to the Defendant County.

Moreover, unlike the individual defendants, Suffolk County has its own affirmative interest in this litigation moving forward.  That is because the vast majority of taxpayers in Suffolk County had nothing to do with this case, committed no wrongdoing, but have a strong interest in learning about the scope of wrongdoing within its local police department.  To the extent the County Attorney truly represents the County, then, the timeline pursued by Mr. Loeb and the timeline pursued by the County of Suffolk should actually align.

Finally, Suffolk argues that the Court should nevertheless grant a stay because it wishes to obtain various "crucial statements" that it says were taken by federal authorities.  *See* ECF Entry #43.  Yet it is not unusual for civil litigation to move forward despite the existence of sealed criminal investigations.  Indeed, this happens almost every time a party seeks, say, grand jury minutes.  The contents of such records are rarely disclosed.  Moreover, Suffolk does not show they would be disclosed here; it provides zero documentation from the United States Attorney's Office indicating any intention to disclose;  and Suffolk identifies not a single case in which records like this formed the basis of a stay.  If the County believes it has witnesses who support its defenses, then it should do what every other civil litigant does in that position: conduct depositions.

In the end, stays of the type requested here are "extraordinary remed[ies]." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (internal references omitted) (denying stay). Nevertheless, a stay based on the criminal side of this case was already granted—and in April 2016 it was lifted. This case is now more than two years old. A further stay should not be granted based on the word of one individual and one municipal defendant. Even if the County is right about the existence of unavailable statements, after all, the fact that we cannot do everything does not mean that we should do nothing.

For these reasons, Mr. Loeb respectfully requests that the pending stay-application be denied.

Respectfully submitted,

BARKET MARION
EPSTEIN & KEARON, LLP


\_\_\_\_/s/ Bruce Barket_____
Bruce Barket, Esq.
Amy Marion, Esq.
Alexander Klein, Esq.